1 | JOHN A. CASE, JR. (126671)
     jcase@CaseWebLaw.com
2 | LAW OFFICES OF JOHN A. CASE, JR.
   | 11601 Wilshire Blvd. Suite 500
3 | Los Angeles, California 90025
   | (310) 203-3911, fax (310) 867-2096
4 |
   | Attorneys for Plaintiff
5 | GUIDO KARP

6

7

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10

| | | |
|---|---|---|
| 11 | GUIDO KARP, an individual, | Case No. |
| 12 | Plaintiff, | |
| 13 | vs. | COMPLAINT FOR: |
| 14 | | (1) DIRECT COPYRIGHT INFRINGEMENT |
| 15 | THUMP PUBLISHING LIMITED, a United Kingdom company; RICHARD GORDON SMITH, an individual; and DOES 1 through 100, inclusive, | |
| 16 | | (2) CONTRIBUTORY COPYRIGHT INFRINGEMENT |
| 17 | | |
| 18 | Defendants. | (3) VICARIOUS COPYRIGHT INFRINGEMENT |
| 19 | | |
| 20 | | (4) INJUNCTIVE RELIEF |
| 21 | | DEMAND FOR JURY TRIAL |

1

COMPLAINT

For his Complaint herein, plaintiff GUIDO KARP, an individual, alleges, based upon his own personal knowledge or upon information and belief as to matters not within his own personal knowledge, as follows:

## ***NATURE OF THE ACTION***

1. Plaintiff GUIDO KARP is an internationally recognized photographer, specializing in music and celebrity photography. Plaintiff has a storied history producing photographs of and about many musical artists, such as Michael Jackson, AC/DC, The Rolling Stones, Justin Timberlake, and many more. For decades, plaintiff crouched the sidelines, capturing the action all around the world, preserving with his photography historic concerts, great hits, and remarkable appearances. Plaintiff's collection represents the physical embodiment of the musicians' life work, and a devotion to capturing the history of celebrated artists for generations to come.

2. This action involves a photograph taken, created, and owned by plaintiff GUIDO KARP. Plaintiff registered such photograph with the U.S. Copyright Office, registration number VA0001658381. Such photograph is referred to herein as the "Copyrighted Work."

3. Defendants are infringing the Copyrighted Work by reproducing, copying, duplicating, publicly displaying, distributing, preparing derivative works based upon, and otherwise exploiting the Copyrighted Work, in digital form, and by manufacturing, selling, offering to sell, marketing, advertising, promoting, shipping, distributing, and otherwise exploiting exact copies of the Copyrighted Work, or substantially similar copies of the Copyrighted Work, or derivative works based upon the Copyrighted Work, among other infringements, knowingly and wilfully, without plaintiff's authorization, and despite actual notice of copyright infringement.

//

2
COMPLAINT

4. Statutory damages in this case are a maximum of $150,000 per registered work in cases of wilful infringement. As described below, defendants' infringements are wilful, intentional, deliberate, and made despite actual notice of copyright infringement. By law, even if the infringements were not wilful (which they are), statutory damages are not less than the range of $750 to $30,000 per registered work.

5. Defendants' conduct has caused and continues to cause plaintiff grave and irreparable harm, for which there is no adequate remedy at law.

## *JURISDICTION AND VENUE*

6. This Court has subject matter jurisdiction over the federal claims alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400 because a substantial part of the events or omissions giving rise to the claims pleaded herein occurred in the Central District of California; one or more defendants reside, may be found, or are subject to personal jurisdiction in the Central District of California; and one or more defendants are not resident in the United States.

## *PARTIES*

8. Plaintiff GUIDO KARP ("Karp") is a individual domiciled in the County of Los Angeles, State of California.

9. On information and belief, defendant THUMP PUBLISHING LIMITED is a United Kingdom company with its principal place of business in the United Kingdom.

10. On information and belief, defendant RICHARD GORDON SMITH is an individual residing in the United Kingdom.

11. Plaintiff is unaware of the true names and capacities of the defendants sued as DOES 1 through 100, inclusive, and therefore sues those defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when that information is ascertained. Plaintiff is informed and believe, and therefore alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries as herein alleged were proximately caused by such defendants.

12. On information and belief, defendants' actions alleged herein were undertaken by each defendant individually; were actions that each defendant caused to occur; were actions that each defendant authorized, controlled, directed, or had the ability to authorize, control, or direct; or were actions in which each defendant assisted, participated, or otherwise encouraged; and are actions for which each defendant is liable. On information and belief, each of the defendants acted as the agent, employee, partner, co-conspirator, or alter ego of each of the other defendants. On information and belief, in performing the acts and omissions alleged herein, each of the defendants acted within the course and scope of such agency, employment, partnership, conspiracy, or alter ego relationship. On information and belief, in performing the acts and omissions alleged in this Complaint, each of the defendants herein acted in concert and conspiracy with each of the other defendants herein; and aided and abetted the other defendants, in that each defendant had knowledge of those actions, provided assistance, and benefited from those actions, in whole or in part; except as otherwise specifically alleged herein.

//
//
//

## ***GENERAL ALLEGATIONS***

The Original Copyrighted Work

13. Plaintiff GUIDO KARP is the author, creator, and owner of a photograph taken of the musical act AC/DC during a concert tour in 2002. Plaintiff registered such photographs with the U.S. Copyright Office in 2008. The photograph, among others from the same series, was assigned U.S. copyright registration number VA0001658381.

Acts of Copyright Infringement

14. Defendant THUMP PUBLISHING LIMITED is a media outlet in the United Kingdom and operates the website NewsThump.com.

15. On or about April 17, 2016, THUMP PUBLISHING LIMITED commenced displaying a digital image of the Copyrighted Work on its website NewsThump.com.  The Copyrighted Work accompanied an article about the musical act AC/DC, published by THUMP PUBLISHING LIMITED on its website NewsThump.com.  THUMP PUBLISHING LIMITED used the Copyrighted Work without plaintiff's permission and without credit.  THUMP PUBLISHING LIMITED altered the Copyrighted Work by placing it into a collage with another photograph, also without plaintiff's permission and without credit.  Plaintiff did not authorize or license such reproduction, use, display, and alteration of the Copyrighted Work on the NewsThump.com website, and plaintiff was not paid for defendants' unauthorized reproduction, use, display, and alternation of the Copyrighted Work on such website. Defendants' use, display, and alteration of the Copyrighted Work damaged plaintiff's reputation with AC/DC, among other damages.

16. THUMP PUBLISHING LIMITED continues to use and display the altered Copyrighted Work on its website today.  THUMP PUBLISHING LIMITED posted the altered Copyrighted Work on its Facebok

and Twitter pages. Additionally, THUMP PUBLISHING LIMITED posted links on Facebook and Twitter to its website page where the article and altered Copyrighted Work were being displayed online. Such Facebook post itself originally displayed the Copyrighted Work and was "shared" by 51,231 Facebook users as of April 22, 2016, resulting in 51,231 additional infringements of the Copyrighted Work. THUMP PUBLISHING LIMITED apparently took down the altered image of the Copyrighted Work from its website and Facebook, but it continues to display and reproduce the altered image of the Copyrighted Work on its Twitter page.

17. RICHARD GORDON SMITH is a principal of THUMP PUBLISHING LIMITED and caused, directed, controlled, approved, and ratified THUMP PUBLISHING LIMITED's reproduction, use, display, and alteration of the Copyrighted Work online, with notice and knowledge that plaintiff did not authorize such reproduction.

18. On or about April 22, 2016, plaintiff gave written notice to THUMP PUBLISHING LIMITED and RICHARD GORDON SMITH by e-mail that defendants did not have authorization to use, reproduce, display, or alter the Copyrighted Work. Defendants continued, and continue today, to use, reproduce, display, and alter the Copyrighted Notice despite actual notice of infringement.

19. Various defendants, including THUMP PUBLISHING LIMITED and RICHARD GORDON SMITH, reproduced, used, and displayed the altered digital image of the Copyrighted Work online, without plaintiff's authorization, license, or consent. Such defendants enabled and made available such digital images for anyone to download, copy, and reproduce, without plaintiff's authorization, license, or consent.

//
//

COMPLAINT

Continuing Copyright Infringement

20. Defendants continue to reproduce, copy, duplicate, publicly display, distribute, prepare derivative works based upon, and otherwise exploit the Copyrighted Work, in digital form, and to manufacture, sell, offer to sell, market, advertise, promote, ship, distribute, and otherwise exploit exact copies of the Copyrighted Work, or substantially similar copies of the Copyrighted Work, or derivative works based upon the Copyrighted Work, among other infringements, knowingly and wilfully, without plaintiff's authorization. Defendants are doing so now, without plaintiff's authorization and to plaintiff's detriment. Among other things, defendants are reproducing, creating, using, displaying, and making available for downloading and reproduction by others, an altered digital image of the Copyrighted Work. Defendants' misconduct constitutes knowing and wilful infringement of the Copyrighted Work. Plaintiff is informed and believes that defendants are currently in possession of infringing products. Plaintiff is informed and believes that defendants' infringement of plaintiff's copyright in the Copyrighted Work is national and international in scope.

## **FIRST CLAIM FOR RELIEF**
## **DIRECT COPYRIGHT INFRINGEMENT**

21. Plaintiff hereby incorporates by reference paragraphs 1 through 20 above, as if fully set forth herein.

22. Plaintiff GUIDO KARP is the author, creator, and registered owner of the Copyrighted Work. The Copyrighted Work is registered with the U.S. Copyright Office.

23. The Copyrighted Work is wholly original with plaintiff and at all times constituted and constitutes copyrightable subject matter under the laws of United States.

24. Plaintiff secured and is entitled to exclusive rights and privileges in and to the copyright of the Copyrighted Work under 17 U.S.C. § 106.

25. At no time did plaintiff convey, transfer, assign, or license to any defendant any rights or licenses in connection with the Copyrighted Work.

26. Since April 17, 2016, defendants reproduced, copied, duplicated, publicly displayed, distributed, prepared derivative works based upon, and otherwise exploited the Copyrighted Work, in digital form, and marketed, advertised, and promoted their website NewsThump.com thereby, among other infringements, knowingly and wilfully, without plaintiff's authorization, and despite actual notice of copyright infringement.

27. The infringement of plaintiff's rights in and to each of the Copyrighted Work constitutes a separate and distinct act of infringement.

28. The foregoing acts of infringement are and were wilful, intentional, purposeful, and deliberate, in disregard of and indifferent to the rights of plaintiff.

29. Defendants' acts complained of herein constitute infringement of plaintiff's registered copyrights and exclusive rights under copyright in violation of 17 U.S.C. §§ 106 and 501.

30. As a direct and proximate result of defendants' copyright infringement, plaintiff suffered significant damage in an amount not presently known with certainty, but which will be proven at trial. Plaintiff is entitled to recover his actual damages suffered by him as a result of the infringement, and any profits of defendants that are attributable to the infringement and are not taken into account in computing the actual damages.

31. Alternatively, plaintiff is entitled to recover an award of statutory damages, pursuant to 17 U.S.C. § 504(c), in the maximum amount

//

of $150,000 with respect to each work infringed, or in such other amounts as may be proper under 17 U.S.C. § 504(c).

32. Defendants' conduct, as set forth herein, is causing and, unless enjoined and restrained by this Court, will continue to cause plaintiff great and irreparable injury that cannot be fully compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, plaintiff is entitled to preliminary and permanent injunctive relief prohibiting further infringements of plaintiff's copyrights and exclusive rights under copyright.

33. Pursuant to 17 U.S.C. § 503, plaintiff is entitled to an order for the impounding of all copies claimed to have been made or used in violation of plaintiff's exclusive rights under copyright, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced, and to a final judgment and order for the destruction of all such copies found to have been made or used in violation of plaintiff's exclusive rights under copyright, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced.

34. Under the circumstances described herein, defendants will be unjustly enriched if they are allowed to profit by their wrongful conduct. Therefore, plaintiff is entitled to a constructive trust on, and a disgorgement of, all funds, assets, accounts, and business opportunities unjustly acquired by defendants.

35. Plaintiff is further entitled to recover his attorney's fees and costs pursuant to 17 U.S.C. § 505.

//
//
//

## SECOND CLAIM FOR RELIEF
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

36. Plaintiff hereby incorporates by reference paragraphs 1 through 35 above, as if fully set forth herein.

37. Plaintiff GUIDO KARP is the author, creator, and registered owner of the Copyrighted Work. The Copyrighted Work is registered with the U.S. Copyright Office.

38. The Copyrighted Work is wholly original with plaintiff and at all times constituted and constitutes copyrightable subject matter under the laws of United States.

39. Plaintiff secured and is entitled to exclusive rights and privileges in and to the copyright of the Copyrighted Work under 17 U.S.C. § 106.

40. At no time did plaintiff convey, transfer, assign, or license to any defendant any rights or licenses in connection with the Copyrighted Work.

41. Since April 17, 2016, defendants reproduced, copied, duplicated, publicly displayed, distributed, prepared derivative works based upon, and otherwise exploited the Copyrighted Work, in digital form, and marketed, advertised, and promoted their website NewsThump.com thereby, among other infringements, knowingly and wilfully, without plaintiff's authorization, and despite actual notice of copyright infringement.

42. Since April 17, 2016, defendants intentionally induced or encouraged direct infringement of the Copyrighted Work by others by making available the Copyrighted Work, in digital form, to others to reproduce, use, display, offer for sale, or sell, without plaintiff's authorization, license, or consent. On information and belief, such recipients were and are reproducing, copying, duplicating, publicly displaying, distributing, preparing derivative works based upon, and otherwise exploiting the Copyrighted

COMPLAINT

Works, in physical and digital forms, and manufacturing, selling, offering to sell, marketing, advertising, promoting, shipping, distributing, and otherwise exploiting exact copies of the Copyrighted Works, or substantially similar copies of the Copyrighted Works, or derivative works based upon the Copyrighted Works, among other infringements, knowingly and wilfully, without plaintiff's authorization.

43. The infringement of plaintiff's rights in and to each of the Copyrighted Work constitutes a separate and distinct act of infringement.

44. The foregoing acts of infringement are and were wilful, intentional, purposeful, and deliberate, in disregard of and indifferent to the rights of plaintiff.

45. Defendants' acts complained of herein constitute contributory infringement of plaintiff's registered copyrights and exclusive rights under copyright in violation of 17 U.S.C. §§ 106 and 501.

46. As a direct and proximate result of defendants' contributory copyright infringement, plaintiff suffered significant damage in an amount not presently known with certainty, but which will be proven at trial. Plaintiff is entitled to recover his actual damages suffered by him as a result of the infringement, and any profits of defendants that are attributable to the infringement and are not taken into account in computing the actual damages.

47. Alternatively, plaintiff is entitled to recover an award of statutory damages, pursuant to 17 U.S.C. § 504(c), in the maximum amount of $150,000 with respect to each work infringed, or in such other amounts as may be proper under 17 U.S.C. § 504(c).

48. Defendants' conduct, as set forth herein, is causing and, unless enjoined and restrained by this Court, will continue to cause plaintiff great and irreparable injury that cannot be fully compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C.

1  § 502, plaintiff is entitled to preliminary and permanent injunctive relief
2  prohibiting further infringements of plaintiff's copyrights and exclusive rights
3  under copyright.
4      49.  Pursuant to 17 U.S.C. § 503, plaintiff is entitled to an order
5  for the impounding of all copies claimed to have been made or used in
6  violation of plaintiff's exclusive rights under copyright, and of all plates, molds,
7  matrices, masters, tapes, film negatives, or other articles by means of which
8  such copies may be reproduced, and to a final judgment and order for the
9  destruction of all such copies found to have been made or used in violation of
10 plaintiff's exclusive rights under copyright, and of all plates, molds, matrices,
11 masters, tapes, film negatives, or other articles by means of which such
12 copies may be reproduced.
13     50.  Under the circumstances described herein, defendants will
14 be unjustly enriched if they are allowed to profit by their wrongful conduct.
15 Therefore, plaintiff is entitled to a constructive trust on, and a disgorgement of,
16 all funds, assets, accounts, and business opportunities unjustly acquired by
17 defendants.
18     51.  Plaintiff is further entitled to recover his attorney's fees and
19 costs pursuant to 17 U.S.C. § 505.
20
21              ***THIRD CLAIM FOR RELIEF***
22          ***VICARIOUS COPYRIGHT INFRINGEMENT***
23     52.  Plaintiff hereby incorporates by reference paragraphs 1
24 through 51 above, as if fully set forth herein.
25     53.  Plaintiff GUIDO KARP is the author, creator, and registered
26 owner of the Copyrighted Work. The Copyrighted Work is registered with the
27 U.S. Copyright Office.
28 //

54. The Copyrighted Work is wholly original with plaintiff and at all times constituted and constitutes copyrightable subject matter under the laws of United States.

55. Plaintiff secured and is entitled to exclusive rights and privileges in and to the copyright of the Copyrighted Work under 17 U.S.C. § 106.

56. At no time did plaintiff convey, transfer, assign, or license to any defendant any rights or licenses in connection with the Copyrighted Work.

57. Defendants had the right to stop or limit infringement by others of the Copyrighted Work, including without limitation by ceasing to make available online digital images of the Copyrighted Work to others to reproduce, use, display, offer for sale, or sell, without plaintiff's authorization, license, or consent, among other ways.

58. Defendants declined to exercise their right to stop or limit infringement by others of the Copyrighted Work.

59. While declining to exercise their right to stop it or limit it, defendants profited from direct infringement by others of the Copyrighted Work, by using the Copyrighted Work and its altered image to market, advertise, and promote their website NewsThump.com, and to profit from the Copyrighted Work thereby, among other ways.

60. The infringement of plaintiff's rights in and to each of the Copyrighted Work constitutes a separate and distinct act of infringement.

61. The foregoing acts of infringement are and were wilful, intentional, purposeful, and deliberate, in disregard of and indifferent to the rights of plaintiff.

62. Defendants' acts complained of herein constitute vicarious infringement of plaintiff's registered copyrights and exclusive rights under copyright in violation of 17 U.S.C. §§ 106 and 501.

COMPLAINT

63. As a direct and proximate result of defendants' vicarious copyright infringement, plaintiff suffered significant damage in an amount not presently known with certainty, but which will be proven at trial. Plaintiff is entitled to recover his actual damages suffered by him as a result of the infringement, and any profits of defendants that are attributable to the infringement and are not taken into account in computing the actual damages.

64. Alternatively, plaintiff is entitled to recover an award of statutory damages, pursuant to 17 U.S.C. § 504(c), in the maximum amount of $150,000 with respect to each work infringed, or in such other amounts as may be proper under 17 U.S.C. § 504(c).

65. Defendants' conduct, as set forth herein, is causing and, unless enjoined and restrained by this Court, will continue to cause plaintiff great and irreparable injury that cannot be fully compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, plaintiff is entitled to preliminary and permanent injunctive relief prohibiting further infringements of plaintiff's copyrights and exclusive rights under copyright.

66. Pursuant to 17 U.S.C. § 503, plaintiff is entitled to an order for the impounding of all copies claimed to have been made or used in violation of plaintiff's exclusive rights under copyright, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced, and to a final judgment and order for the destruction of all such copies found to have been made or used in violation of plaintiff's exclusive rights under copyright, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced.

67. Under the circumstances described herein, defendants will be unjustly enriched if they are allowed to profit by their wrongful conduct.

1. Therefore, plaintiff is entitled to a constructive trust on, and a disgorgement of, all funds, assets, accounts, and business opportunities unjustly acquired by defendants.

68. Plaintiff is further entitled to recover his attorney's fees and costs pursuant to 17 U.S.C. § 505.

## *FOURTH CLAIM FOR RELIEF*
## *INJUNCTIVE RELIEF*

69. Plaintiff hereby incorporates by reference paragraphs 1 through 68 above, as if fully set forth herein.

70. Defendants will, unless preliminarily and permanently enjoined, continue to engage in the foregoing acts and practices against plaintiff. Unless defendants are so enjoined, plaintiff will suffer immediate and irreparable harm for which he lacks an adequate remedy of law.

71. Plaintiff is therefore entitled to orders and judgment of this Court, preliminarily and permanently enjoining defendants and all persons acting in concert with them from the following:

(a) Infringing any of plaintiff's copyrights in the Copyrighted Work.

(b) Reproducing, copying, duplicating, publicly displaying, distributing, preparing derivative works based upon, or otherwise exploiting the Copyrighted Work, whether in physical or digital form.

(c) Manufacturing, selling, offering to sell, marketing, advertising, promoting, shipping, distributing, or otherwise exploiting exact copies of the Copyrighted Work, or substantially similar copies of the Copyrighted Work, or derivative works based upon the Copyrighted Work, or digital images of the Copyrighted Work.

//

COMPLAINT

1         (e)    Conspiring or acting in concert with anyone else to engage in any of the foregoing activities.

      WHEREFORE, plaintiff prays for judgment in his favor and against defendants as follows:

      1.    On the First, Second, and Third Claims for Relief, for damages according to proof.

      2.    On the First, Second, and Third Claims for Relief, for any profits of defendants that are attributable to the infringement and are not taken into account in computing actual damages.

      3.    On the First, Second, and Third Claims for Relief, for an award of statutory damages, pursuant to 17 U.S.C. § 504(c), in the maximum amount of $150,000 with respect to each work infringed, or in such other amounts as may be proper under 17 U.S.C. § 504(c).

      4.    On all Claims for Relief, for orders and judgment of this Court preliminarily and permanently enjoining defendants from infringing plaintiff's copyrights in the Copyrighted Work and from otherwise engaging in unlawful acts as alleged therein.

      5.    On the First, Second, and Third Claims for Relief, for an order for the impounding of all copies claimed to have been made or used in violation of plaintiff's exclusive rights under copyright, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced, and to a final judgment and order for the destruction of all such copies found to have been made or used in violation of plaintiff's exclusive rights under copyright, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced, pursuant to 17 U.S.C. § 503.

//

6. On the First, Second, and Third Claims for Relief, for a constructive trust on, and a disgorgement of, all funds, assets, property, accounts, and business opportunities unjustly acquired by defendants.

7. For costs of suit, attorney's fees, and prejudgment interest.

8. For such other and further relief as the Court may deem just and proper.

DATED: December 13, 2016          LAW OFFICES OF JOHN A. CASE, JR.

/s/
By:_____
     John A. Case, Jr.
Attorneys for Plaintiff
GUIDO KARP

## **DEMAND FOR JURY TRIAL**

Plaintiff GUIDO KARP hereby demands a trial by jury.

DATED: December 13, 2016  LAW OFFICES OF JOHN A. CASE, JR.

By: /s/ _____
  John A. Case, Jr.
Attorneys for Plaintiff
GUIDO KARP